IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Keith Bratcher, | ) | |
| | ) | C/A No. 8:08-2141-GRA-BHH |
| Petitioner, | ) | ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| Warden of McCormick | ) | |
| Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter comes before the Court for a review of the magistrate's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., filed on June 1, 2009. The petitioner filed this action on June 6, 2008. On November 5, 2008, the respondents filed a motion for summary judgement. Following numerous extensions, the petitioner responded on March 19, 2009. The petitioner filed objections to the magistrate's Report and Recommendation on June 12, 2009.

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. FED. R. CIV. P. 72(b); *see United States v. Schronce*, 727 F.2d 91,94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

In his response to the Report and Recommendation, the petitioner makes four broad arguments. First, he argues that his Counsel was ineffective for failing to call the petitioner as a witness. Second, the petitioner argues that his counsel was ineffective for failing to call witnesses to testify as to the petitioner's good character and marital happiness. Third, the petitioner argues that his counsel was ineffective for failing to call Spivey as a witness. Finally, the petitioner argues that his counsel was ineffective for failing to renew his objection to exclude testimony or evidence regarding the victim's life insurance policy naming the petitioner as beneficiary. However as explained by the magistrate, none of these objections give rise to an effective assistance of counsel claim, as counsel's actions neither fell below an objective

standard of reasonableness nor prejudiced the defendant in such a way as to make the results of trial unreliable.

After reviewing the record, and the Report and Recommendation this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.

Wherefore, the Respondent's Motion for Summary Judgment (Dkt. # 18) is GRANTED; and the habeas petition DISMISSED *with prejudice*.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

June 17, 2009

### NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.